IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03105-WJM-KLM

FIDEL M. KABYESIZA, an individual,

    Plaintiff,

v.

THE GEO GROUP, a Florida corporation,
TERESA HUNT, in her official and individual capacity,
TERRY MAKETA, in his official and individual capacity, and
JOHN DOES 1-2, in their official and individual capacities,

    Defendant.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court *sua sponte*. On July 25, 2011, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to prosecute and failure to comply with Court Orders pursuant to Fed. R. Civ. P. 41(b) [Docket No. 56]. Specifically, I noted that

> on May 12, 2011, Plaintiff's former counsel withdrew from representing Plaintiff, citing irreconcilable differences [Docket Nos. 41 & 43]. Since that time, the Court has been unable to contact Plaintiff, and the pleadings mailed to him at his last known address have been returned as undeliverable [Docket Nos. 45 & 49]. Plaintiff has not provided the Court with an updated address as required by D.C.COLO.LCivR 10.1M. On July 25, 2011, the Court held a hearing to address Plaintiff's alleged failure to comply with his discovery obligations [Docket No. 55]. The order setting the discovery hearing was mailed to Plaintiff at his last known physical address and emailed to Plaintiff at his last known electronic mail address [Docket No. 53]. Plaintiff failed to appear.

Despite the Court's clear warning about the consequences for failure to respond to the Order to Show Cause, Plaintiff did not respond by the show cause deadline. As the Court

sets forth in detail below, Plaintiff's conduct to date demonstrates a lack of interest in prosecuting this case as well as a failure to comply with several Court Orders and Local Rules. Because Plaintiff is proceeding *pro se*, the Court has given Plaintiff multiple opportunities to prosecute his case. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.

For the reasons provided below, I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

**I. Background**

By way of giving context to the Court's Recommendation, the Court provides the following background. On December 21, 2011, Plaintiff filed the present lawsuit alleging various claims related to alleged constitutional violations while he was detained in custody [Docket No. 1]. At that time, Plaintiff was represented by counsel. However, on May 12, 2011, Plaintiff's counsel were given leave to withdraw based upon their representation that irreconcilable differences had arisen between them and Plaintiff [Docket No. 43]. In my Order granting withdrawal, I set forth upcoming deadlines that pertained to Plaintiff's case and informed Plaintiff that he was personally "responsible for complying with all Court Orders, deadlines and the Federal and Local Rules . . . [and that the failure to do so] may subject Plaintiff to imposition of sanctions, including the dismissal of his case." *Order* [#43] at 1. The Order was mailed to Plaintiff at his last known address, but was returned as undeliverable [Docket No. 45]. The Court located a slightly different address for Plaintiff

in the pleadings of a previously filed case and directed that the Order be resent to Plaintiff [Docket No. 47]. However, the Order was again returned as undeliverable [Docket No. 49]. Plaintiff has not attempted to contact the Court or provide an updated address where he can be reached. As a consequence, Plaintiff failed to timely respond to discovery [Docket No. 50], to attend a Court hearing relating to his alleged discovery misconduct [Docket Nos. 53 & 55] and to meet other deadlines that pertain to his case. In regard to the Court hearing, the Court also directed that the Clerk email a copy of the Order setting the hearing to Plaintiff at his last known email address. As noted above, this additional effort at contacting Plaintiff was equally unsuccessful at securing his compliance.

After Plaintiff's failure to attend the discovery hearing, I issued the Order to Show Cause that is at issue here. I clearly warned Plaintiff that his failure to respond would result in dismissal of his case. *Order* [#56] at 1. Once again, I directed that the Order be emailed and mailed to Plaintiff at his last known addresses. To date, the Order has not been returned to the Court as undeliverable. Nevertheless, Plaintiff failed to timely respond or show cause.

## II. Findings

The Court finds that Plaintiff has failed to meaningfully participate in his case. Specifically, Plaintiff has failed to comply with at least three Court Orders: (1) he failed to comply with my Order setting case deadlines [Docket No. 43]; (2) he failed to comply with my Order setting a discovery hearing and requiring his attendance [Docket No. 53]; and (3) he failed to comply with my Order to Show Cause [Docket No. 56]. Moreover, Plaintiff's failure to participate in discovery, attend the discovery hearing and contact the Court to update his contact information as required by D.C.COLO.LCivR 10.1M. are collectively

viewed as a failure to prosecute his case.

### III. Analysis

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding *pro se*, the Court

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

4

must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A.     Prejudice to Defendants

From a review of the case file, I find that Plaintiff's neglect of his case has prejudiced Defendants. They defended the lawsuit in good faith, propounded discovery, attended hearings and prepared Court documents. Moreover, Plaintiff's failure to participate in discovery has prejudiced Defendants' ability to defend against the allegations made by Plaintiff in his Complaint. Allowing the case to proceed when Plaintiff's whereabouts are unknown would require Defendants to expend further unnecessary time and expense to defend against a case which Plaintiff appears to have no interest in prosecuting on his own. This factor weighs in favor of dismissal.

### B.     Interference with the Judicial Process

I conclude that Plaintiff's failure to prosecute his case, and specifically his failure to comply with Court Orders and the Local Rules, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to contact the Court or put himself in a position to comply with Court Orders evidences lack of respect for the Court and the judicial process. In particular, Plaintiff's neglect has caused me and my staff to expend unnecessary time and effort. The Court's frequent review of the case file, holding of a futile discovery hearing and issuance of this Recommendation increase the workload of the Court and take its attention away from other

matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision). This factor weighs in favor of dismissal.

### C.     Culpability of Plaintiff

Plaintiff has, without providing any excuse, ignored his case responsibilities and failed to move his case forward. The Court provided Plaintiff with ample opportunities to litigate his case, but since May 2011, he has chosen not to participate. As a voluntary *pro se* litigant, it is solely Plaintiff's responsibility to ensure that he complies with case deadlines, Court Orders and applicable rules. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). While an examination of the record reveals that many of my Orders have been returned for insufficient address, it is solely the responsibility of Plaintiff to ensure that the Court knows of his whereabouts. Considering the history of this case, I must conclude that Plaintiff's failures have been willful, and that he is therefore responsible for his own noncompliance. This factor weighs in favor of dismissal.

### D.     Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court on at least three occasions that he risked dismissal of his case if he failed to move the case forward or to comply with Court Orders [Docket Nos. 43, 53 & 56]. *Pro se* litigants are required to read and follow the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Thus, to the extent that Plaintiff did not receive the warnings because he failed to keep the Court apprised of his current mailing address, the responsibility for lack of notice falls on his shoulders. Moreover, the Court

notes that Plaintiff's similar neglect in a prior case prompted the Court to advise him of the possibility that his conduct could result in dismissal of that case. *See* Case No. 10-cv-00216-MSK-KLM [Docket Nos. 23, 25 & 30]. Accordingly, it should be no surprise to Plaintiff that his failure to prosecute this case could result in the sanction of dismissal. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's efforts to advise Plaintiff of the potential for dismissal in this case and a prior case do not prevent this result. *See Lynn*, 2006 WL 2850273, at *7 (noting that warnings in prior cases were sufficient to put plaintiff on notice).

### E.    Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective. Although Plaintiff is proceeding *pro se*, that does not excuse his neglect here. *See Green*, 969 F.2d at 917. In addition, given that Plaintiff has not been in contact with the Court for several months, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's misconduct. Considering the history of the case, it is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

### IV. Conclusion

I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that the Order to Show Cause [#56] is made **ABSOLUTE**.

IT IS FURTHER **ORDERED** that in addition to mailing a copy of this Order to Plaintiff at his last known address, the Clerk shall email a copy to Plaintiff at **kabyesiza@gmail.com**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 10, 2011

                                                      BY THE COURT:

                                                      s/ Kristen L. Mix  
                                                      United States Magistrate Judge  
                                                      Kristen L. Mix

.